Haix, Judge,
 

 delivered the opinion of the Court:
 

 It is clear that Greenlee's judgment is no lien, upon the assets which, have come to the hands of Defendants since that judgment was obtained. It Mould be. difficult to devise a process by which they could be reached ; for Greenlee, after the plea of
 
 u
 
 fully administered”' was
 
 *282
 
 found against him, made his election to proceed against' the real estate, by signing judgment and suing out a
 
 sci. fa.
 
 against the heirs at law, agreeably to the directions of the act of 1784, ch. 11. Had Greenlee intended
 
 to
 
 rely upon assets to be received by the Defendants, subsequent to the time of obtaining his judgment, he ought to have taken a judgment
 
 quando
 
 acciderunt; in which case a
 
 sci. fa.
 
 might have issued conformably thereto, that would have reached the assets in question, (6
 
 Term R.
 
 1,
 
 2
 
 —Saunder's
 
 Rep.
 
 217.) But no such process can issue from the judgment as it stands. This judgment then cannot stand in the way of the Plaintiff/
 

 As to the costs due upon the dismission of the suit against Davidson, they must be considered as a debt due by the Defendant’s testator, because that dismission took place in consequence of an agreément by him made
 
 •,
 
 and the Defendants only acted in conformity with the ■agreement.. They arc, therefore, entitled to retain to the amount of their coáts,
 
 although an execution may
 
 have issued against them for the costs, before the assets came to hand, and the Sheriff may have returned oh that execution,
 
 nulla, lona.'
 
 Yet the party interested in that execution, is not precluded from suing another execution at a subsequent time. The assets in question must therefore be applied, in the. first place, to the payment, of these costs ; and in the second place, to. the satisfaction., as far as they will go, of the Plaintiff’s judgment.